UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NICKIE NOREEN BIGGS, | ) | 1:07-cv-01095-AWI-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS RE: |
| v. | ) | PLAINTIFF'S SOCIAL SECURITY |
| | ) | COMPLAINT (DOC. 2) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff is proceeding with counsel with an action seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for benefits. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b) and Local Rule 72-302(c)(15). Pending before the Court are the parties' briefs, which have been submitted without oral argument to the Honorable Sandra M. Snyder, United States Magistrate Judge.

I. Procedural History

On January 25, 2005, Plaintiff, who was born on January 20, 1955, filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging disability

1

due to heart disease and osteoarthritis since August 1, 2004. (A.R. 70-83, 12.) After Plaintiff's claim was denied initially and on reconsideration, Plaintiff appeared with counsel and testified at a hearing held before the Honorable Christopher Larsen, Administrative Law Judge (ALJ) of the Social Security Administration (SSA), on March 5, 2007. (A.R. 41-42, 12, 290-318.) On March 30, 2007, the ALJ denied Plaintiff's application for benefits. (Id. at 12-18.) After the Appeals Council denied Plaintiff's request for review on May 31, 2007, Plaintiff filed the complaint in this action on July 27, 2007. (Id. at 5-7.) Briefing commenced on May 27, 2008, and was completed on June 19, 2008, with the filing of Defendant's opposition.

## II. Standard and Scope of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 402 (1971), but less than a preponderance, Sorenson v. Weinberger, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The Court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion; it may not simply isolate a portion of evidence that supports the decision. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir.

2006); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). It is immaterial that the evidence would support a finding contrary to that reached by the Commissioner; the determination of the Commissioner as to a factual matter will stand if supported by substantial evidence because it is the Commissioner's job, and not the Court's, to resolve conflicts in the evidence. Sorenson v. Weinberger, 514 F.2d 1112, 1119 (9th Cir. 1975).

In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must review the whole record and uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. See, Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987); Jones v. Heckler, 760 F.2d at 995. If the Court concludes that the ALJ did not use the proper legal standard, the matter will be remanded to permit application of the appropriate standard. Cooper v. Bowen, 885 F.2d 557, 561 (9th Cir. 1987).

III. Disability

In order to qualify for benefits, a claimant must establish that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 1382c(a)(3)(A). A claimant must demonstrate a physical or mental impairment of

such severity that the claimant is not only unable to do the claimant's previous work, but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. 1382c(a)(3)(B); <u>Quang Van Han v. Bowen</u>, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden of establishing a disability is initially on the claimant, who must prove that the claimant is unable to return to his or her former type of work; the burden then shifts to the Commissioner to identify other jobs that the claimant is capable of performing considering the claimant's residual functional capacity, as well as her age, education and last fifteen years of work experience. <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 (9th Cir. 1990).

The regulations provide that the ALJ must make specific sequential determinations in the process of evaluating a disability: 1) whether the applicant engaged in substantial gainful activity since the alleged date of the onset of the impairment, 20 C.F.R. § 404.1520 (2007);[1] 2) whether solely on the basis of the medical evidence the claimed impairment is severe, that is, of a magnitude sufficient to limit significantly the individual's physical or mental ability to do basic work activities, 20 C.F.R. § 404.1520(c); 3) whether solely on the basis of medical evidence the impairment equals or exceeds in severity certain impairments described in Appendix I of the regulations, 20 C.F.R. § 404.1520(d); 4) whether the applicant has sufficient residual functional capacity, defined as what an

---

[1] All references are to the 2007 version of the Code of Federal Regulations unless otherwise noted.

individual can still do despite limitations, to perform the applicant's past work, 20 C.F.R. §§ 404.1520(e), 404.1545(a); and 5) whether on the basis of the applicant's age, education, work experience, and residual functional capacity, the applicant can perform any other gainful and substantial work within the economy, 20 C.F.R. § 404.1520(f).

With respect to SSI, the five-step evaluation process is essentially the same. See 20 C.F.R. § 416.920.

Here, the ALJ found that Plaintiff had severe impairments of status post-arthroscopic surgery on her right knee, mitral stenosis, and degenerative changes in her lumbar spine that did not meet or medically equal listed impairments; Plaintiff retained the residual functional capacity (RFC) to lift and carry twenty pounds occasionally and ten pounds frequently, and stand, walk, or sit a total of six hours in an eight-hour work day; Plaintiff could perform her past relevant work (PRW) as a rural mail carrier as it was generally performed. (A.R. 14-18.)

IV. Finding Concerning Plaintiff's Past Relevant Work

Plaintiff argues that the ALJ committed an error of law, or made a finding that is not supported by substantial evidence, when he found that Plaintiff's RFC for light work permitted her to perform her PRW of rural mail carrier as generally performed in the national economy. Plaintiff does not challenge the ALJ's finding concerning her RFC.

Plaintiff reported that her PRW included lifting fifty pounds at most and twenty-five pounds frequently, and walking, standing, and sitting eight hours with frequent postural and manipulative activities. (A.R. 103-04.) Plaintiff testified that

5

she walked about nine miles a day and drove her own vehicle; sorted, lifted, and delivered mail to about 500 customers in ten to fifteen pound batches; and also lifted forty-pound parcels. (A.R. 297-99.)

The vocational expert (VE), whose expertise was unchallenged, testified that the Dictionary of Occupational Titles (DOT) provided that Plaintiff's PRW of rural mail carrier was light physical demand, SVP four, skilled, and semi-skilled. (A.R. 313-14.) As Plaintiff testified she performed it, the position was medium, and the VE commented that "that's the real world." (A.R. 314.) The VE testified that a hypothetical worker with Plaintiff's light RFC and ability to stand, walk, and sit a total of six hours in an eight-hour work day could perform the PRW as described in the DOT but not as Plaintiff performed it. (A.R. 314.) The VE also testified that his testimony had been entirely consistent with the DOT and Selected Characteristics of Occupations. (A.R. 316.)

Plaintiff's argument is without merit. An adjudicator may consider the nature of a claimant's past occupation either as it was performed in the national economy or as the worker herself or himself performed it. Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001); Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511 (9th Cir. 1987); Villa v. Heckler, 797 F.2d 794, 796 (9th Cir. 1986).

Here, the ALJ concluded that Plaintiff could perform her PRW "as it is generally performed." (Id. at 18.) The VE expressly referred to the Dictionary of Occupational Titles. The Commissioner routinely relies on the DOT and Selected

6

Characteristics in determining the skill level of past work or ability to perform other work. The Commissioner may rely on the general job categories of the DOT and Selected Characteristics as applicable to a claimant's prior work; see 20 C.F.R. §§ 404.1560(b)(2), 416.960(b) (Commissioner may use the services of vocational experts or other resources, such as the DOT and companion volumes, to obtain evidence needed to help determine ability to perform past relevant work; a VE may use his expertise or knowledge concerning the demands of PRW either as the claimant actually performed it or as generally performed in the national economy); 404.1566(d)(1), 416.966(d)(1) (use as the primary source of reliable job information); 404.1568, 416.968 (use to classify jobs as skilled, semiskilled and unskilled); 404.1569, 416.969 (use to classify exertional and skill requirements). Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classification of a job's level is presumptively valid, but the presumption of validity may be rebutted by expert testimony that contradicts the DOT insofar as the record contains persuasive evidence to support the deviation. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).

    As Defendant notes, the regulations provide that a claimant is not disabled if she can perform PRW either as it was actually or generally performed. 20 C.F.R. §§ 404.1520(f), 416.920(f), 404.1560(b)(2), 416.960(b)(2). It is the burden of the claimant to establish that he or she cannot perform past relevant work, consisting of either the actual functional demands and job duties of a particular past relevant job, or the functional demands and job duties of the occupation as generally required by employers

1  throughout the national economy. <u>Pinto v. Massanari</u>, 249 F.3d
2  840, 845 (9th Cir. 2001). Explicit findings at step four regarding
3  a claimant's PRW both as generally performed and as actually
4  performed are not required; it is enough for the vocational
5  evidence to demonstrate that the claimant cannot continue PRW as
6  defined by the regulations. <u>Id.</u> The best source for how a job is
7  generally performed is usually the DOT. <u>Pinto v. Massanari</u>, 249
8  F.3d at 845-46.
9       Here, the ALJ considered reliable vocational evidence and
10 expressly concluded that one with Plaintiff's RFC could perform
11 the duties of the specific job as generally performed; it appears
12 that the ALJ thus rendered sufficient findings, pursuant to
13 correct legal standards, that were supported by substantial
14 evidence. Soc. Sec. Ruling 82-61, 82-62.
15      V. <u>Recommendation</u>
16      Based on the foregoing, the Court concludes that the ALJ's
17 decision was supported by substantial evidence in the record as a
18 whole and was based on the application of correct legal
19 standards.
20      Accordingly, the Court RECOMMENDS that:
21      1) The administrative decision of the Defendant Commissioner
22 of Social Security BE AFFIRMED, and that Plaintiff's Social
23 Security complaint BE DENIED; and
24      2) The Clerk of the Court BE DIRECTED to enter judgment for
25 Defendant Michael J. Astrue, Commissioner of Social Security,
26 and against Plaintiff Nickie Noreen Biggs.
27      This report and recommendation is submitted to the United
28 States District Court Judge assigned to the case, pursuant to the

1  provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
2  Local Rules of Practice for the United States District Court,
3  Eastern District of California. Within thirty (30) days after
4  being served with a copy, any party may file written objections
5  with the court and serve a copy on all parties. Such a document
6  should be captioned "Objections to Magistrate Judge's Findings
7  and Recommendations." Replies to the objections shall be served
8  and filed within ten (10) <u>court</u> days (plus three days if served
9  by mail) after service of the objections. The Court will then
10 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
11 (b)(1)(C). The parties are advised that failure to file
12 objections within the specified time may waive the right to
13 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
14 1153 (9th Cir. 1991).

16 IT IS SO ORDERED.
17 **Dated:     October 6, 2008**           /s/ **Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE