1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

### IN THE UNITED STATES DISTRICT COURT FOR THE

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **NICKIE NOREEN BIGGS,** | ) | 1:07-CV-1095  AWI SMS |
| | ) | |
| **Plaintiff,** | ) | **ORDER FOR MORE** |
| | ) | **BRIEFING REGARDING** |
| **v.** | ) | **MAGISTRATE JUDGE'S** |
| | ) | **FINDINGS AND** |
| **MICHAEL J. ASTRUE, Commissioner** | ) | **RECOMMENDATIONS** |
| **of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

17     Plaintiff Nickie Noreen Biggs ("Biggs") seeks judicial review of the final decision of

18 Defendant Commissioner of Social Security, Michael Astrue ("Astrue").  The matter was

19 referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

20 72-302(C)(15).

21     On October 10, 2008, the Magistrate Judge filed findings and recommendations in which

22 she recommended granting judgment in favor of Astrue.  These findings and recommendations

23 were served on the parties and contained notice to the parties that any objections to the findings

24 and recommendations were to be filed within thirty days.  Defendant filed objections on

25 November 7, 2008.  In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has

26 conducted a *de novo* review.  See Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004).

27 Having carefully reviewed the file and the specific objections of the Commissioner, the Court

28 finds that the objections have merit.

     In part, Biggs testified that her job as a rural mail carrier required her to lift fifty pounds

at most and twenty-five pounds frequently, as well as walking, standing, and sitting eight hours per day with frequent postural and manipulative activities.  See Administrative Record at 103-104.  At Biggs's hearing, the first question that the Administrative Law Judge ("ALJ") asked the Vocational Expert ("VE") was what the Dictionary of Occupational Titles ("DOT") indicated about the skill and exertional levels associated with a rural mail carrier.  See id. at 314.  The VE responded, "That's a light physical demand, SVP 4, skilled, semi-skilled.  As performed, per testimony, rises to medium, and that's the real world."  Id.  The ALJ found that Biggs had the residual functional capacity to lift and carry 20 pounds occasionally, and 10 pounds frequently; and to stand and walk, or to sit, a total of 6 hours in an 8-hour day.  See Administrative Record at 15.  In other words, the ALJ found that Biggs had the residual functional capacity to perform light work.  See DOT at Appendix C.  The ALJ then concluded:

> Ms. Biggs testified that her job required medium exertion . . . . [The VE], whose testimony is credible, stated that as generally performed, and as described in the [DOT], the job of rural mail carrier requires light exertion and is semi-skilled. Comparing Ms. Biggs's residual functional capacity to the physical and mental demands of her job, I conclude she is able to perform it as generally performed.

Administrative Record at 18.  The ALJ concluded that Biggs was not disabled.  See id.

The only issue raised by Biggs before this Court was whether the ALJ improperly found that Biggs had the residual functional capacity to perform her prior job as rural mail carrier.  See Court's Docket Doc. No. 20 at pp. 2-3.  The Magistrate Judge found that the ALJ's decision was supported by substantial evidence, namely the testimony of the VE concerning the DOT.  See Court's Docket Doc. No. 22.  The Magistrate Judge recommended granting judgment in favor of Astrue.  See id.

In the objections to the findings and recommendation, Biggs for the first time argues that substantial evidence does not support the ALJ's decision because the DOT actually states that the job of rural mail carrier requires medium strength to perform.

Biggs is correct.  The notation for rural mail carrier in the DOT indicates that medium strength is required.  See DOT at § 230.363-010.  Thus, the VE gave incorrect testimony regarding the requirements for a rural mail carrier as set forth in the DOT.  Since the ALJ seems to have relied entirely on the VE's testimony regarding the DOT, there no longer appears to be a

1  substantial basis for concluding that Biggs can perform her past work as a rural mail carrier.  In

2  light of the actual DOT entry, the Court is inclined to grant relief to Biggs and remand the case to

3  the ALJ for further findings.  However, since Biggs did not raise the issue of the actual DOT

4  entry in her motion for summary judgment, the Court will give Astrue an opportunity to respond.

5

6        Accordingly, IT IS HEREBY ORDERED that Defendant Astrue respond to Biggs's

7  argument that the actual Dictionary of Occupational Titles identifies medium strength as required

8  for the position of a rural mail carrier; Astrue will file this response with the Court as soon as

9  possible, but no latter than ten (10) days from service of this order.

10

11 IT IS SO ORDERED.

12 **Dated:   January 21, 2009**          **/s/ Anthony W. Ishii**
                                 CHIEF UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3