IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKIE NOREEN BIGGS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | 1:07-CV-1095  AWI SMS<br><br>ORDER ON MAGISTRATE JUDGE'S FINDINGS, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND RECOMMENDATIONS AND REMANDING CASE<br><br>(Doc. Nos. 20, 22) |

    Plaintiff Nickie Noreen Biggs ("Biggs") seeks judicial review of the final decision of Defendant Commissioner of Social Security, Michael Astrue ("Astrue").  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(C)(15).

    On October 10, 2008, the Magistrate Judge filed findings and recommendations in which she recommended granting judgment in favor of Astrue.  See Court's Docket Doc No. 22.  Biggs filed objections on November 7, 2008, and argued that the Administrative Law Judge ("ALJ") relied on erroneous testimony by the Vocational Expert ("VE") when the ALJ determined that Biggs could perform her old job as a rural mail carrier.  The Court found that the objection had merit since the VE incorrectly stated that the DOT classified Biggs's job as "light work," when in fact the DOT classifies the job as "medium work."  See Court's Docket Doc. No. 25.  Without the testimony of the VE, there is no support for a finding that Biggs can perform her job as that job is typically performed in the national economy.  See id.  The Court requested additional briefing from Astrue.  See id.

In the supplemental briefing, Astrue argues that the Court need not remand this case since Biggs never challenged the ALJ's Residual Functional Capacity ("RFC") determination. The ALJ essentially found that Biggs has the RFC to perform light duty jobs. Astrue argues that a review of the Medical-Vocational Guidelines ("the Grid") shows that there are jobs that Biggs can perform in the national economy. Thus, the record thus shows that Biggs is not disabled and remand is not necessary. The Court cannot agree.

The ALJ's finding of "no disability" was based on his "step four" finding that Biggs could perform her old job; he did not make any findings under "step five."[1]  See A.R. at 18. The government has the burden at step five of the analysis to show that a claimant can perform other jobs that exist in significant numbers in the national economy. Benton v. Barnhart, 331 F.3d 1030, 1034 (9th Cir. 2003); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). At step five, an ALJ may rely on testimony from a VE or upon the Grid. See Tackett, 180 F.3d at 1101-01. The ALJ in this case, however, did not ask the VE about job availability and there is no indication that the ALJ consulted the Grid.

The Court cannot "affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Commissioner of Soc. Sec., 454 F.3d 1050, 1054 (9th Cir. 2006). As a result, the Ninth Circuit has stated, "if the Commissioner's request that we dismiss the ALJ's error as harmless invites this Court to affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally, then we must decline." Id. That is what Astrue asks this Court to do since the ALJ made no findings at step five. Astrue cites no cases in which an ALJ stopped the inquiry at step four, did not make any findings with

---

[1] The Ninth Circuit has summarized the five step decision making process that an ALJ utilizes:

[I]f a claimant cannot meet the burden of showing she is currently not working, at step one, the process ends; if she establishes that she meets the "severely impaired" criteria, at step two, she is "disabled" and entitled to benefits. However, when she has not met the step two criteria, if she can show at step three that her impairment satisfies certain specific criteria listed in the regulations, she is "disabled." If she can show at step four that she is unable to perform work she has done in the past, she is entitled to a step five review. At step five, the government has the burden of showing that she can do other work available in significant numbers in the national economy; if it does not meet this burden, the claimant is deemed "disabled."

Benton v. Barnhart, 331 F.3d 1030, 1034 (9th Cir. 2003); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

respect to step five, and a reviewing Court nevertheless upheld the denial by makings its own step five determination. In light of the authority presented, this Court declines to make an independent finding, and will instead remand the case for further proceedings. See id. at 1056-57.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court DECLINES to adopt the Findings and Recommendations;
2. Plaintiff's motion for summary judgment is GRANTED;
3. This case is REMANDED for further consideration of Plaintiff's status as disabled in light of the failure to make findings under step five of the disability determination framework; and
4. The Clerk shall ENTER JUDGMENT in favor of Plaintiff and against Defendant.

IT IS SO ORDERED.

**Dated:   February 5, 2009**          /s/ Anthony W. Ishii
                                       CHIEF UNITED STATES DISTRICT JUDGE